IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RENE COLLINS-REESER,**  3:12-CV-00588-BR

       Plaintiff,  OPINION AND ORDER

v.

**CAROLYN W. COLVIN,** Acting
**Commissioner, Social Security
Administration,**[1]

       Defendant.


**LISA R. J. PORTER**
KP Law LLC
16200 S.W. Pacific Highway
Suite H-280
Portland, OR 97224
(503) 245-6309

       Attorneys for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

S. AMANDA MARSHALL
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**RICHARD RODRIGUEZ**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3717

    Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Rene Collins-Reeser seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed her applications for SSI and

DIB on August 12, 2005, and alleged a disability onset date of January 1, 1998. Tr. 48.[2] The applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on February 11, 2008. Tr. 286-319. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on May 22, 2008, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 10-24. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. Plaintiff appealed the decision of the Commissioner to this Court.

On April 14, 2009, Judge Michael R. Hogan issued an Order for Remand in which he remanded the matter for further proceedings and directed the ALJ to

> (1) update the medical record with evidence from the treating sources, to include medical source statements; (2) reevaluate the severity of the plaintiffs impairments at Step Two and throughout the sequential evaluation process, addressing whether the plaintiffs degenerative disc disease amounted to a severe impairment; (3) determine whether the plaintiff is under a disability taking into consideration all of her impairments, including any drug addiction and alcoholism and their materiality if the plaintiff is disabled, in accordance with 20 C.F.R. $$404.1535,416.935; (4) continue with Steps Three and Four of the sequential evaluation process; and (5) if

---

[2] Citations to the official transcript of record filed by the Commissioner on August 21, 2012, are referred to as "Tr."

3 - OPINION AND ORDER

> necessary, with the assistance of a vocational
> expert, continue with Step Five of the sequential
> evaluation process, propounding a hypothetical
> question to the vocational expert that contains
> all of the relevant limitations on the plaintiff's
> ability to work.

Tr. 379-80.

On remand the ALJ conducted a hearing on October 21, 2009.[3] The ALJ issued a decision on December 14, 2009, in which he again found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 561-73.

On June 21, 2011, the Appeals Council remanded the matter for further proceedings and directed the ALJ to

> [1] Further evaluate [Plaintiff's] impairments,
> including drug and alcohol abuse, in accordance
> with 20 CFR 416.935. As needed, the [ALJ] may
> obtain testimony from a medical expert to clarify
> the severity and limiting effects of [Plaintiff's]
> mental impairments with and without consideration
> of [Plaintiff's] substance abuse[;] [2] Give
> further consideration to [Plaintiff's] maximum
> [RFC] during the entire period at issue and
> provide rationale [*sic*] with specific references
> to evidence of record in support of assessed
> limitations[;] . . . [and 3] Obtain supplemental
> evidence from a [VE] to clarify the effect of the
> assessed limitations on [Plaintiff's] occupational
> base.

Tr. 577-78.

On remand the ALJ conducted a hearing on October 25, 2011. Tr. 1022-42. The ALJ issued a decision on December 7, 2011, in which he found Plaintiff is not disabled and, therefore, is not

---

[3] The transcript of the October 21, 2009, hearing is not in the record.

4 - OPINION AND ORDER

entitled to benefits.  Tr. 346-65.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on January 17, 1963.  Tr. 48.  Plaintiff was 45 years old at the time of the first hearing, 46 years old at the time of the second hearing, and 48 years old at the time of the third hearing.  Plaintiff has a sixth-grade education.  Tr. 357.  Plaintiff does not have past relevant work experience.  Tr. 364.

Plaintiff alleges disability due to bipolar disorder and epilepsy.  Tr. 48.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 353, 358-62.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental

5 - OPINION AND ORDER

impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even

when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R.

7 - OPINION AND ORDER

§§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the

burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## II. Evaluation of Drug and Alcohol Abuse.

A claimant is not considered disabled if drug addiction or alcoholism is a contributing factor material to the determination of disability. 42 U.S.C. § 1382c(a)(3)(J). *See also Bustamante v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001). Substance abuse is a material factor when the claimant's remaining limitations would not be disabling if the claimant stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b).

If the claimant is found to be disabled and there is medical evidence of substance abuse, the ALJ must determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(a). To assess the materiality of drug or alcohol abuse,

> an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction. If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant

9 - OPINION AND ORDER

>      is not entitled to benefits . . . .  If the ALJ finds
>      that the claimant is disabled and there is medical
>      evidence of his drug addiction or alcoholism[,] then
>      the ALJ should proceed under § 404.1535 or 416.935 to
>      determine if the claimant would still [be found]
>      disabled if he stopped using alcohol or drugs.

*Bustamante*, 262 F.3d at 955 (internal quotation omitted).  In effect, the ALJ must make a second five-step sequential inquiry to "evaluate which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of [the claimant's] remaining limitations would be disabling."  20 C.F.R. § 404.1535(b)(2).  *See also Bustamante*, 262 F.3d at 955.

In such materiality determinations, the claimant bears the burden to prove that drug addiction or alcoholism is not a contributing factor material to the disability.  *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her August 12, 2005, application date.  Tr. 352.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, major depressive disorder, bipolar disorder, anxiety disorder, a seizure disorder, and ongoing amphetamine and alcohol dependence.

10 - OPINION AND ORDER

Tr. 352. The ALJ found Plaintiff's Hepatitis C and heroin abuse in sustained remission are not severe impairments. Tr. 352.

At Step Three the ALJ concluded Plaintiff's impairments medically equal the criteria for Listed Impairments under §§ 12.04, 12.06, and 12.09 of 20 C.F.R. part 404, subpart P, appendix 1. Tr. 353. The ALJ found Plaintiff has the RFC to perform light work. Tr. 355. The ALJ found Plaintiff is limited to unskilled work and routine tasks and should have only "superficial interaction with co-workers." Tr. 355. The ALJ found Plaintiff should not interact with the general public; work in close cooperation or coordination with coworkers; exposure to hazards; or climb ladders, ropes or scaffolds. Tr. 355. The ALJ found Plaintiff can occasionally climb ramps and stairs and can frequently stoop kneel, crouch, or crawl. Tr. 355.

At Step Four the ALJ concluded Plaintiff does not have any past relevant work experience. Tr. 364.

At Step Five the ALJ concluded Plaintiff, in light of her substance-abuse disorders, does not have an RFC sufficient to perform jobs that exist in significant numbers in the national economy. Tr. 364.

In accordance with 20 C.F.R. §§ 404.1535(a) and 416.935(a), the ALJ then performed the sequential analysis a second time. Considering only the impairments and limitations that would remain if Plaintiff stopped using drugs and alcohol, the ALJ

11 - OPINION AND ORDER

found Plaintiff's impairments did not meet or equal the criteria for any impairment in the Listing of Impairments. Tr. 354. The ALJ again found Plaintiff is limited to unskilled work and routine tasks. Tr. 355. The ALJ found Plaintiff should have only "superficial interaction with co-workers" and should not interact with the general public; work in close cooperation or coordination with coworkers; exposure to hazards; or climb ladders, ropes, or scaffolds. Tr. 355. The ALJ found Plaintiff can occasionally climb ramps and stairs and can frequently stoop kneel, crouch, or crawl. Tr. 355.

At Step Four the ALJ concluded Plaintiff does not have any past relevant work experience. Tr. 364.

At Step Five the ALJ found Plaintiff would have the RFC to make an adjustment to work in jobs that exist in the national economy if she stopped using drugs and alcohol. Tr. 364. Thus, the ALJ concluded Plaintiff is ineligible for benefits because drug addiction and alcoholism are contributing factors material to the determination of disability. Tr. 365.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony, (2) failed to order an IQ test of Plaintiff, (3) found at Step Three that Plaintiff's impairments did not meet or equal the criteria for any impairment in the

12 - OPINION AND ORDER

Listing of Impairments, (4) found at Step Four that Plaintiff did not have any prior relevant work, and (5) found at Step Five that Plaintiff could perform other work existing in significant numbers in the national economy.

I.  **The ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony**.

Plaintiff alleges the ALJ erred when she failed to give clear and convincing reasons for rejecting Plaintiff's testimony.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what

13 - OPINION AND ORDER

testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found if Plaintiff "stopped the substance abuse," her "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC]."  Tr. 357.  The ALJ noted the finding of Dale Veith, Psy.D., examining psychologist, that Plaintiff "demonstrated that she is willing to feign cognitive problems in order to support her claim that she is disabled . . . which makes it virtually impossible to arrive at a clinical diagnosis."  Tr. 361, 489.  Dr. Veith noted "it appears [Plaintiff] is feigning and/or exaggerating the severity of her problems in an effort to avoid accepting adult responsibilities and obtain monetary and other benefits."  Tr. 489.  The ALJ also noted the record reflected Plaintiff was noncompliant with her medication regimen.  In addition, Plaintiff's treating neurologist, Gordon Banks, M.D., noted Plaintiff's epilepsy would likely continue to persist as long as she continued to use methamphetamine.  Tr. 358, 850.  The ALJ noted MRIs of Plaintiff's lumbar spine showed Plaintiff had mild to moderate degenerative arthritis, minimal spondylithesis, mild thoracolumbar dextrocurvature, and no stenosis.  Tr. 358, 761.

14 - OPINION AND ORDER

The ALJ also noted Plaintiff has received routine, conservative treatment for her back pain and has responded well to that treatment.  Tr. 358-59.

On this record the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff's testimony not entirely credible as to the intensity, persistence, and limiting effects of her condition.  The Court, therefore, concludes the ALJ did not err when he partially rejected Plaintiff's testimony.

**II.   The ALJ did not err when he failed to order an IQ test of Plaintiff**.

Plaintiff contends the ALJ erred when he failed to order a consultative examination "focused on whether Plaintiff's borderline IQ issue was included in Plaintiff's RFC." Specifically, Plaintiff contends Gregory Cole, Ph.D., examining psychologist, found Plaintiff "exhibited below average intellectual capabilities," and the ALJ failed in "explore" those findings.

The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).  When important medical evidence is incomplete, the ALJ has a duty to recontact the provider for clarification.  20 C.F.R. § 416.927(c)(2).  When making disability determinations,

> [i]f the evidence is consistent but we do not have sufficient evidence to decide whether you are disabled, or if after weighing the evidence we

15 - OPINION AND ORDER

> decide we cannot reach a conclusion about whether
> you are disabled, we will try to obtain additional
> evidence. . . . We will request additional
> existing records, recontact your treating sources
> or any other examining sources, ask you to undergo
> a consultative examination at our expense, or ask
> you or others for more information.

20 C.F.R. § 416.927(c)(3).  The decision whether to request a consultative examination is within the discretion of the ALJ.  *See* 20 C.F.R. § 919a ("A consultative examination may be purchased when the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on your claim.").

Dr. Cole conducted a psychodiagnostic evaluation of Plaintiff on January 29, 2008, and concluded Plaintiff suffered from bipolar disorder, a panic disorder, and a history of polysubstance abuse.  Tr. 284.  Dr. Cole noted Plaintiff had "slightly below average immediate memory capability, and below average delayed memory capability."  Tr. 285.  Dr. Cole noted Plaintiff "was able to sustain simple routine tasks, and [had] only mild problems completing a simple multiple-step task."  Tr. 285.  The ALJ gave "substantial weight" to Dr. Cole's opinion and, as a result, limited Plaintiff to unskilled work and routine tasks in his assessment of Plaintiff's RFC.

There is not any indication that the record related to Plaintiff's IQ or intellectual functioning was sufficiently ambiguous or inadequate to trigger the ALJ's duty to develop the

16 - OPINION AND ORDER

record further.  *See, e.g., Coleman v. Colvin*, No. 12- 35207, 2013 WL 1694757, at *1 (9th Cir. Apr. 19, 2013)("the ALJ had no duty to develop the record on this point where the evidence was not ambiguous and the record was not inadequate to allow for proper evaluation of the evidence."); *Ludwig v. Astrue*, 681 F.3d 1047, 1055 n.30 (9th Cir. 2012)("'An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.'" quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

Accordingly, the Court concludes on this record that the ALJ did not err when he did not order a consultative examination "focused on whether Plaintiff's borderline IQ issue was included in Plaintiff's RFC."

**III. The ALJ did not err at Step Three.**

Plaintiff contends the ALJ erred at Step Three when he found Plaintiff's activities of daily living (ADLs) are evidence of her ability to perform full-time work.

As noted, at Step Three the Commissioner must determine whether a claimant's impairments without the effects of substance abuse meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  Social Security Ruling 96-6P provides in

17 - OPINION AND ORDER

pertinent part:

> [L]ongstanding policy requires that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight.

The ALJ found at Step Three that absent the effects of drug and alcohol abuse, Plaintiff's impairments do not medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. In reaching his determination, the ALJ relied on the medical records as well as the opinion of Julie Frederick, Psy.D., the medical expert who testified at the October 25, 2011, hearing. Dr. Frederick testified at the hearing that absent the effects of substance abuse, Plaintiff's depression and panic disorder would not equal a Listing. Tr. 1030. Dr. Frederick also testified absent the effects of substance abuse, Plaintiff's activities of daily living are only mildly impaired; social functioning is moderately impaired; and concentration, persistence, and pace are moderately impaired. Tr. 1030-31.

In addition, Plaintiff fails to point to specific evidence in the record that establishes the requirements of the particular Listing she claims to have met. The Ninth Circuit has held generalized assertions of functional problems are insufficient to establish that a claimant meets or equals a Listing at Step Three. *See, e.g., Reed-Goss v. Astrue*, 291 F. App'x 100, 101

18 - OPINION AND ORDER

(9th Cir. 2008)("'To meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to his or her claim.'" quoting *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999)).

The Court, therefore, concludes the ALJ did not err at Step Three when he found Plaintiff's ADLs are evidence of her ability to perform full-time work.

**IV.    The ALJ did not err at Step Four.**

Plaintiff asserts "the ALJ's findings about Plaintiff's ability to perform past relevant work is [*sic*] unsupported by any evidence."  Pl.'s Reply at 6.  The ALJ, however, found Plaintiff did not have any past relevant work.  Plaintiff does not point to any evidence in the record that contradicts that finding.

Accordingly, the Court concludes the ALJ did not err at Step Four when he found Plaintiff had not performed any past relevant work.

**V.    The ALJ did not err at Step Five when he found Plaintiff could do other jobs that existed in significant numbers in the economy.**

Plaintiff contends the ALJ erred at Step Five when he found Plaintiff could perform other jobs in the national economy if she stopped abusing drugs and alcohol because the ALJ failed to consider the limitations indicated by Plaintiff, Dr. Cole, and "multiple assessment and medical records throughout the Plaintiff's extensive record."

19 - OPINION AND ORDER

The Court, however, has found the ALJ properly rejected Plaintiff's testimony in part and properly considered the opinion of Dr. Cole.  Thus, the Court concludes the ALJ did not err at Step Five when the ALJ assessed Plaintiff's ability to do other jobs that exist in the national economy.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 2nd day of May, 2013.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

20 - OPINION AND ORDER